UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS BROOM,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **AXA ADVISORS, LLC, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action Number <br> **2:21-cv-01318-AKK** |

## MEMORANDUM OPINION

Curtis Broom filed a petition to vacate an arbitration award entered against him in an arbitration between Broom and Joseph Moore, as claimants, and AXA Advisors, LLC, and AXA Network, LLC, as respondents. Doc. 1 at 1. The arbitration was based on Broom's claims that AXA discriminated against him on the basis of his race. *Id.*; doc. 10 at 1. In his petition to vacate, Broom argues that the arbitrator refused to hear pertinent evidence, refused to order the appearance of key witnesses, and exceeded her authority in entering the award. Doc. 1 at 1-3.

Now before the court is AXA's motion to dismiss Broom's petition. Doc. 5. AXA contends that Broom failed to timely serve his petition on the defendants and that his petition must therefore be dismissed. *See id.* AXA's motion is due to be granted.

## I.

Under the Federal Arbitration Act, a party to an arbitration proceeding may petition a United States district court to vacate an arbitration award on certain statutorily-specified grounds. *See* 9 U.S.C. § 10. The FAA "imposes strict procedural requirements on parties seeking to vacate arbitration awards." *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1299 (11th Cir. 2015). Relevant to this case, the FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Even if a plaintiff timely files a petition to vacate an arbitration award, the petition is time-barred if the plaintiff fails to serve notice on the opposing party before the three-month statutory period expires. *O'Neal Constructors, LLC v. DRT Am., LLC*, 991 F.3d 1376, 1378-79 (11th Cir. 2021).

## II.

Here, the arbitrator entered her award on July 2, 2021, and the award was delivered to the parties on July 6, 2021. Docs. 1 at 1; 5 at 4. Broom filed his petition to vacate the award on October 1, 2021. *See* doc. 1. Under the terms of the FAA, Broom had until October 5, 2021 – three months after the award was delivered – to serve notice of his petition on AXA or defense counsel. *See* 9 U.S.C. § 12. On October 8, 2021, three days after this statutory time period expired, Broom's counsel

sent an email to defense counsel with a copy of his petition to vacate attached. Docs. 5 at 5; 5-1 at 5. Broom subsequently asked defense counsel to accept or waive service on behalf of AXA. Docs. 5 at 5-6; 5-1 at 5-9. Counsel declined, doc. 5-1 at 11, and Broom then served AXA by certified mail on November 2, 2021, docs. 3; 4; 5 at 6.

Broom does not dispute any of these facts, and indeed acknowledges that his email to defense counsel notifying AXA of his petition came after the expiration of the statutory deadline. *See* doc. 10 at 1. Instead, Broom asks the court to remember that "in the Birmingham area, it is customary for each law firm and lawyer devoted to defending corporate interests to receive a daily notification of all civil actions filed in the United States District Courts of Alabama." *Id*. at 3-4. "In other words," Broom argues, "one can be sure that [defense] counsel had notice of this action and, further, that [defense] counsel in this action transmitted that notice to [AXA's in-house] counsel in this action." *Id*. at 4. Broom contends further that "it is not uncommon for members of the corporate defense bar to send notices of complaints to companies which they have represented, but which they no longer represent, or even to companies which they have never represented at all," and that it therefore "may well be that someone at [a firm that previously represented AXA] or even at another, completely unrelated firm notified [AXA]" of Broom's petition. *Id*.

The mere filing of a petition – even if that filing is widely seen in the local legal community – is not a substitute for the statutory requirement that "[n]otice . . . *must be served* on an adverse party or his counsel." 9 U.S.C. § 12 (emphasis added); s*ee O'Neal*, 991 F.3d at 1379.  Broom offers no support for his contention that notice by publication is sufficient under the FAA, and he does not claim that AXA had any notice of his intention to file the instant petition before the October 8, 2021, email to defense counsel.  *See* doc. 10 at 3-5.  Even if this email were sufficient notice,[1] it was still sent to defense counsel more than three months after the arbitration award was entered, and Broom has not raised any argument supporting the equitable tolling of the FAA's strict notice requirements.  Broom has thus failed to comply with the FAA, and his petition to vacate is therefore time-barred.

### III.

Accordingly, the defendants' motion to dismiss is due to be granted in a separate order effectuating this opinion.

---

[1] Broom appears to argue that his email to counsel satisfied the FAA's notice requirement because AXA's lawyers asked him not to contact their client, AXA, directly. *See* doc. 10 at 1-3. The Eleventh Circuit disagrees. *See O'Neal*, 991 F.3d at 1378 ("This is an arbitration case presenting the question of whether the required service of a 'notice of a motion to vacate' under 9 U.S.C. § 12 is accomplished by emailing to opposing counsel a 'courtesy copy' of a memorandum in support of that motion [before the expiration of the statutory deadline]. The answer is 'no' where, as here, the party to be served did not expressly consent in writing to service by email.").

**DONE** the 11th day of January, 2022.

                                                                        **ABDUL K. KALLON**
                                                         UNITED STATES DISTRICT JUDGE